Pearson, C. J.
 

 Mr. Hargrave was very cautious in making the contract. He conveyed to Smith his one-third of the Garner tract of land, in the confidence that Smith would make a sale of the whole tract; and by the instrument set out in the pleadings Smith was bound to pay Plargrave one-fourth of the amount for which he should sell, making ho deduction for expenditures necessary to develop the capacity of the mineral value of the land. Smith was not to sell at all, unless the one-fourth would amount to, at the least, $1,500; he was in good faith to make a sale for the highest price he could get, and, in case no sale is effected within six months,
 
 at the end of that time,"
 
 Smith binds himself either to reconvey to Plargrave the one-third of the land, or to pay him $1,300.
 

 By the proper construction of this instrument the obligation to sell was, at the end of six months, “
 
 functus officio,"
 
 and Hargrave was entitled either to a reconveyance of the one-third of the tract of land, or to $1,300, at the election of Smith.
 

 The bill seeks for a specific performance of this agreement to sell, and demands payment of the one-fourth of the proceeds of a sale made long after the end of the six months. The complainant has misconceived his right under the instrument of August, 1853. No sale having been made, at the end of the six months he was entitled to a re-conveyance of the one third, or to $1,300, at the election of .'Smith. Neither Fisher nor Smith has been called on to make this election. But it is clear that the agreement to
 
 *167
 
 sell under the instrument, which the bill seeks to enforce, was
 
 functus officio,
 
 and the bill must be dismissed without prejudice, leaving the complainant to take such proceedings as he may be advised.
 

 Per Curiam.
 

 Bill dismissed.